Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5963 | **DATE** | 10/4/2010 |
| **CASE TITLE** | Derrick Carpenter(#2008-0070837) v. Thomas Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted an incomplete *in forma pauperis* application. The current application [3] is denied without prejudice to Plaintiff submitting a completed application within 30 days from the date of this order. Alternatively, Plaintiff may pay the $350 filing fee. Failure to comply with this order within 30 days will result in dismissal of this case. The clerk is directed to send to Plaintiff another *in forma pauperis* application, along with a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Derrick Carpenter(#2008-0070837), currently confined at Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Sheriff Tom Dart. Executive Director Salvador Godinez, Superintendent Martinez, Nurse Pennington, and Cook County Jail Officers Brown, Lt. Johnson, and Couch. Plaintiff alleges that, on March 30, 2010, he and fellow inmate M. Ycacheta were attacked by another inmate (Roselle Pullman), who beat them with his cane. Officer Brown allegedly saw the attack, but did not intervene. After the beating, all of the inmates involved were taken to the dispensary. Plaintiff was examined by Nurse Pennington, who stated that Plaintiff suffered no injuries. Lieutenant Johnson allowed Pullman and others to go to Cermak Hopsital for treatment, but not Plaintiff, who allegedly sustained bruising on his back. Two weeks later, Plaintiff again complained about his back. Another nurse examined him and stated that he should be taken to the dispensary for treatment, but Officer Couch refused to take him. Plaintiff states that ultimately he needed crutches and medication for back spasms. Plaintiff alleges that Dart, Godinez, and Martinez maintained a policy of allowing inmates keep canes or crutches without adequate supervision.

    Before the court conducts a preliminary review under 28 U.S.C. § 1915A, the issue of the filing fee and Plaintiff's *in forma pauperis* application must be resolved.

    Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* ("IFP")to file a complaint. If the inmate is unable to prepay the filing fee, the court will assess an initial partial payment and direct that additional monthly deductions be made from his jail trust fund account until the entire filing fee is paid. Inmates seeking leave to file *in forma pauperis* must file their motions on this court's form. Local Rule 3.3. The form requires inmates to obtain a certificate stating
**(CONTINUED)**

isk

| STATEMENT |
|---|

the amount of money they have on deposit in their jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for this court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee.

Plaintiff's application includes a copy of his jail trust fund account from 2008 to April 2010. A copy of a more current statement of his trust fund account is needed for the court to rule on the IFP application. Accordingly, the instant application is denied without prejudice to Plaintiff submitting a completed application within 30 days of the date of this order. The clerk is directed to forward an *in forma pauperis* application to Plaintiff. To proceed with this case, Plaintiff must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, again containing a certificate from an authorized officer and including a copy of his trust fund account statement showing all activity therein for the six-month period immediately preceding the filing of the instant suit. As with all documents filed in this court, Plaintiff must include a judge's copy, as well as a service copy of the complaint for each defendant.

Failure to comply with this order within 30 days will result in dismissal of this action without prejudice.